### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

### CENTRAL DIVISION

| | |
|---|---|
| BLAKE CHRISTOPHER TADEMY,<br><br>                  **Petitioner,**<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                  **Respondent.** | **MEMORANDUM DECISION<br>AND ORDER**<br><br>**Case No.  2:15CV517DAK**<br><br>**Judge Dale A. Kimball** |

This matter is before the court on Petitioner Blake Christopher Tademy's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, and Request for Appointment of Counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B).  Petitioner pleaded guilty to Counts 1 and 2 of the Indictment.  On March 25, 2013, this court sentenced Petitioner to consecutive sixty-month terms of incarceration with the Bureau of Prisons followed by 60 months of supervised release.  Petitioner did not file a direct appeal and did not file this motion under § 2255 until July 20, 2015.

A one-year statute of limitation applies to motions brought under § 2255.  "The limitation period shall run from the later of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right

asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255.

Petitioner's conviction became final when the possibility of direct review ended--when he failed to take a direct appeal within ten days of the entry of the judgment and sentence. *See United States v. Burch*, 202 F.3d 1274, 1278 (10th Cir. 2000) (holding that the one-year limitation period begins to run when, after direct appeal, the time for filing a certiorari petition expires).  Petitioner did not file a Notice of Appeal, therefore, his conviction became final on April 4, 2013.

The one-year statute of limitations is subject to equitable tolling but only in "rare and exceptional circumstances." *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  This equitable remedy is only available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir.2000), *cert. denied*, 531 U.S. 1194, 121 S. Ct. 1195, 149 L. Ed. 2d 110 (2001).  Petitioner has the burden of establishing that equitable tolling should apply.  *See Miller*, 141 F.3d at 978 (refusing to apply equitable tolling because petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims").

Petitioner contends that his assistance of counsel was ineffective because he failed to inform Petitioner of Detective Cowley's involvement in his case.  Petitioner asserts that his

counsel's failure to notify him of Detective Cowley's involvement in the case and the other officer's corrupt practices rendered his plea involuntary.  Petitioner claims that he repeatedly told his counsel that the detectives had planted drugs in his residence but his counsel told Petitioner that Detective Cowley was not involved in his case.  However, Petitioner states that on or about April of 2013, about two weeks after Petitioner was sentenced, his counsel informed Petitioner that Detective Cowley was involved in the case.

These facts do not support a finding that equitable tolling would make Petitioner's present § 2255 motion timely filed.  At most, Petitioner's facts would support equitable tolling for two weeks until he received the information from his counsel and his § 2255 motion would have been due by May 2014.  In fact, Petitioner's facts demonstrate that Petitioner had nearly the entire year of the original statute of limitations period in which to file his § 2255 motion. Petitioner has not provided any reason for his failure to file a motion under § 2255 for more than two years after his judgment became final.  The case law requires Petitioner to demonstrate that he could not file his § 2255 motion within the one-year period because of circumstances outside of his control.  However, he was told of the grounds he claims support his motion within weeks of being sentenced.  Petitioner states that he did not ultimately receive the discovery in his case until January 2015, however, Petitioner could have filed his § 2255 motion at any time after he knew of the information from his counsel.  After being told the information, Petitioner could have filed the motion and requested that the information be provided in connection with the § 2255 motion.  The court, therefore, declines to exercise its discretion to equitably toll the one-year statute of limitations past the time that Petitioner's counsel told him of Detective Cowley's

involvement.

For these reasons, the court concludes that Petitioner has failed to show "rare and exceptional circumstances" that would warrant equitable tolling of the one year statute of limitations. Accordingly, Petitioner's motion is DENIED and this case is dismissed with prejudice.

DATED this 1st day of October, 2015.

BY THE COURT:

Dale A. Kimball
United States District Judge